UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANA LOPEZ | CIVIL ACTION |
| VERSUS | NO. 05-0371 |
| MAGNOLIA INDUSTRIAL<br>FABRICATORS, INC., ET AL | SECTION: "A"(1) |

## ORDER & REASONS

Before the Court is **Defendant Gulf Crane Services, Inc., "Gulf Crane," Motion for Summary Judgment (Rec. Doc. #81)**, set with a hearing date of August 23, 2006, and is before the Court on the briefs without oral argument. For the reasons that follow, Gulf Crane's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff filed suit in this Court on February 11, 2005, seeking damages for injuries he allegedly sustained when he slipped down the steps of the jack-up rig, MOPU VIII. (Orig. Comp., ¶ 8). According to Plaintiff, the MOPU VIII was being used as a housing and storage unit for the fixed platform Eugene Island 277. (Pla. Memo in Opp. to Def. White Wing's Motion for Summary Judgment, p. 1). He contends that he was injured while trying to carry out job instructions. (*Id.*). He asserts that he was instructed to bring two 2x4 boards to the diesel tank on the MOPU VIII. (*Id.*) He further contends he was not informed and/or warned of the leaking

diesel tank and/or the enormous amount of diesel fuel he would have to pass through. (*Id.*). As he attempted to descend the stairs on the MOPU VIII, he allegedly slipped and fell. (*Id.*). Plaintiff asserts that his action arises under the Admiralty and General Maritime Law of the United States; alternatively, the Jones Act; alternatively, Section 905(b) of the Longshore and Harbor Workers Compensation Act; alternatively, under the Outer Continental Shelf Act; and pursuant to 28 U.S.C. § 1331 and 1367 of the supplemental jurisdiction of this Court to entertain claims arising under Louisiana State law. (*Id.*, ¶ 1).

## II. DISCUSSION

<u>Plaintiff's Argument</u>

Plaintiff asserts Gulf Crane was negligent in four ways. First, in failing to discover the hazardous condition created by one or more of the cranes located aboard the MOPU VIII. (Pla. 2nd Amend. Comp., ¶ 2). Second, in failing to warn Plaintiff or others aboard MOPU VIII about the hazard created by the leaking crane. *Id.* Third, in failing to properly maintain the crane aboard the MOPU VIII, which failure caused or greatly contributed to the leak that created a hazardous condition on the MOPU VIII. *Id.* Last, in failing to remedy the hazardous condition created by the leaking crane when they knew or should have known of the hazardous condition. *Id.*

Plaintiff opposes Gulf Crane's Motion for Summary Judgment. However, Plaintiff gives no evidence in support of his opposition. Instead, Plaintiff notes "that after reviewing all the facts, testimony, and law contained in defendant's Motion for Summary Judgment...[I]t appears as though defendant Gulf Crane Services, Inc., correctly represents a substantial portion of the

testimony, facts and law in this matter." (Pla. Rep. Memo in Opp. to Motion for Summary Judgment, p. 1)

### Defendant Gulf Crane's Argument

As an initial matter, Gulf Crane notes that to establish maritime negligence, "a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, a breach of that duty, an injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co., Inc. v. Torch Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)). Gulf Crane further asserts that "[T]o be liable for negligence under the general maritime law, a party's actions must be the legal cause of plaintiff's injuries...[T]o constitute legal cause, the negligence must be a substantial factor in the injury." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

Defendant Gulf Crane alleges that the deposition testimony in this case reveals that the allegations regarding it have no basis in fact. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 2). Accordingly, Defendant Gulf Crane's Motion for Summary Judgment focuses on four factual arguments.

First, Gulf Crane asserts there is no evidence pointing to negligence on its part. In support, it offers the deposition testimony of Energy Partners of Delaware, "EPL" employee Jackie Perry, which indicates that Gulf Crane had not performed work of any kind on the port crane prior to discovery of the leak, on the morning of July 28. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 7). Therefore, Gulf Crane argues the maintenance

3

work performed by its mechanic did not cause the crane to leak.  Additionally, Gulf Crane notes that Plaintiff himself pinpointed the diesel fuel as the liquid responsible for the slippery stairs in his deposition. (Def. Gulf Crane's Motion Summary Judgment, p. 23).

Second, Gulf Crane argues that any fluid leaked from the crane was not due to an act or omission of Gulf Crane, but instead was due to an accumulation of rain water, a problem of which EPL was aware of prior to the date of the accident. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 2).  In support of this contention, Gulf Crane again cites the deposition of EPL employee Perry, whose testimony indicates that keeping the base of the crane clean was part of their "daily routine." (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 16, 17).  Therefore, it alleges that EPL was aware of the rainwater in the crane pedestal, but did not inform Gulf Crane of the problem. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 16, 17).

Third, Gulf Crane argues that the crane leak cleanup was completed before the Plaintiff's accident, and thus could not have contributed to the fall. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 2).  In support, Gulf Crane cites deposition testimony from Dan Topham, co-defendant White Wing's inspection supervisor, who was stationed on board the MOPU VIII the day of the accident. (Def. Gulf Crane's Memo in Supp. of Motion for Summary Judgment, p. 21).

Last, Gulf Crane highlights that the accident took place on the heliport deck, one deck above the crane leak, and thus they argue the physical layout of the rig precludes finding that the crane leak was a cause of Plaintiff's fall.  In support, it notes the three levels of the MOPU VIII

in detail, and the location of the spills in relation to the layout. (Def. Gulf Crane's Motion for Summary Judgment, p. 5).

### III. Law and Analysis

#### A. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

#### B. Gulf Crane's Motion for Summary Judgment

Gulf Crane has identified portions of the record which highlight the absence of genuine

factual issues. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Anderson*, 477 U.S. at 255). Therefore, the burden shifts to the non-moving party, the Plaintiff in this case, to come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp.*, 477 U.S. 317, 325 (1986). In this instance, Plaintiff has not come forward with any specific facts raising a material issue. Indeed, Plaintiff does not contest *any* of Defendant Gulf Crane's "material facts as to which there is no genuine issue to be tried." (Pla. Resp. to Def. Gulf Crane's Motion for Summary Judgment.) Therefore, this Court finds the evidence, when viewed in the light most favorable to Plaintiff, shows no genuine issue as to any material fact, and that summary judgment should be granted in favor of Defendant Gulf Crane.

Accordingly;

**IT IS ORDERED** that Defendant Gulf Crane's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, Tuesday, September 26, 2006.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE